IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL PENKALSKI,

                                  Plaintiff,

v.

CHRISTOPHER COLE,
Director of Threat Intervention Services of the
University of Wisconsin-Madison Police Department,

                                  Defendant.

ORDER

17-cv-287-slc

---

On July 7, 2017, the court held a hearing on plaintiff Paul Penkalski's motion for a preliminary injunction, dkt. 6. After taking evidence and hearing the parties' arguments, I denied the motion for reasons stated in more detail at the hearing.

By way of synopsis, as a legal matter, I agree with the courts that have held that a person in Penkalski's situation does not have a constitutionally protected interest in having access to a college campus, here the University of Wisconsin-Madison, *e.g., Souders v. Lucero*, 196 F.3d 1040, 1046 (9th Cir. 1999). Further, I found that there is no state-created right or any other implicit or inherent right of access to the UW-Madison campus that would entitle Penkalski to process that was denied to him.[1] As a result, there is no "stigma-plus," and Penkalski is unlikely to succeed on the merits of his claim.

If it were to matter, I also found that Penkalski's claimed harm to his academic aspirations resulting from his current lack of access to the UW-Madison's specialized libraries is not irreparable. At worst, the ban might have slowed Penkalski down–he was not on a fast track before the ban–while

---

[1] I disagreed with Penkalski's assertion (through counsel) that Wis. Adm.Code § UWS 18 creates or recognizes such a right. As with the rest of the court's legal findings and conclusions at the July 7 hearing, the parties are free to attempt to change the court's mind in their summary judgment briefs.

still leaving open to him the unpalatable but exercisable option of visiting other specialized university libraries in cities that Penkalski already has visited for research and conferences.

Penkalski's claim that the internet posting of his ban–which defendant concedes for the purposes of this motion constitutes a stigma--interferes with his ability to work on his paper or apply to a Ph.D. program is conjectural, based almost entirely on Penkalski's fears of what others in his field might do if they were to learn of the ban. To the extent that Penkalski claims ongoing reputational damage in the community at large because of the internet posting, this too is largely conjectural, since Penkalski believes that attempting to investigate the perceived harm will cause it to occur.

In any event, the balance of harms–if the court were to get this far–tilts toward ensuring the efficacy of the ban and the protection of persons legitimately on the UW-Madison campus, at least until this case is resolved on its merits. Penkalski vehemently contests the UW Police Department's allegations related to stalking and intimidation, and this court has not found any facts regarding the accuracy/inaccuracy of these allegations. That said, it is indisputable that the UWPD has received reports over time from different people leveling similar charges of such words and deeds by Penkalski. This provides a sufficient public safety justification for the ban and the internet posting at this point in the case.

## ORDER

It is ORDERED that plaintiff Paul Penkalski's motion for a preliminary injunction, dkt. 6, is DENIED.

Entered this 7th day of July, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge